UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IZAEL GARCIA, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class,*

                                         Plaintiff,

                         -v-

120 MP, LLC d/b/a SAJU BISTRO,
PHILLIPE BERNARD, and
MARK S. ALBERTI,
                                         Defendants.

18-CV-6408 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Izael Garcia brings this action on behalf of himself and others similarly situated against Defendants 120 MP, LLC d/b/a Saju Bistro, Phillipe Bernard, and Mark S. Alberti (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.*, and New York Labor Law ("NYLL").  In connection with his FLSA claim, Plaintiff seeks (1) unpaid overtime, (2) unpaid minimum wages, (3) compensation for off-the-clock work, (4) liquidated damages, and (5) attorney's fees and costs.  (Dkt. No. 16 ("Am. Compl.") ¶ 1.)  Before the Court is Plaintiff's motion for conditional collective action certification with respect to his FLSA claim.  (Dkt. No. 28.)  For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

I.      **Background**

Plaintiff was a food runner at Defendants' restaurant Saju Bistro from around January 2011.  (Am. Compl. ¶ 23.)  Plaintiff worked for Defendants until around May 2018, and during his employment he allegedly worked over forty hours a week, often over ten hours per day.  (Am. Compl. ¶¶ 24–25.)  Plaintiff notes that he was paid an hourly rate of $5.00 from January 2011 through December 2015, of $7.50 from January 2016 until December 2017, and of $8.65

from January 2018 to May 2018.  (Am. Compl. ¶ 26.)  Plaintiff alleges that he was paid only

straight time and never received overtime pay.  (Am. Compl. ¶ 27.)  Plaintiff claims that other

employees worked similar schedules and were also paid only straight time and never received

overtime pay.  (Am. Compl. ¶ 28.)

   Plaintiff further alleges that neither he nor the other employees he spoke to received tip

credit or proper wage statements.  (Am. Compl. ¶¶ 28–29.)  Plaintiff notes that he was required

to spend more than twenty percent of his workday engaged in various non-tipped activities,

including mopping floors, decorating the restaurant, preparing salad and desserts in the kitchen,

and washing dishes.  (Am. Compl. ¶ 30.)  Plaintiff claims that other employees he spoke to also

spent at least twenty percent of their workday engage in various non-tipped activities.  (*Id*.)

   Plaintiff next alleges that Defendants engaged in time shaving. Plaintiff claims that he

was required to worked from 4:00 PM to 12:30 AM four days a week and from 11:00 AM to

8:00 PM one day a week.  (Am. Compl. at ¶ 26.)  But Plaintiff alleges that Defendants would

require him to clock out at 12:30 AM even though he was asked to continue working for another

thirty minutes, resulting in one and a half hours of uncompensated work per week.  (Am. Compl.

¶ 31.)  Defendants allegedly also deducted three hours each week from Plaintiff's paycheck.

(*Id*.)  Further, Plaintiff claims that his one-hour lunch breaks were not free and clear breaks, as he

was required to clock out during that period, resulting in a total loss of five hours per week.

(Am. Compl. ¶ 32.)  Plaintiff alleges that he observed similar practices with respect to his co-

workers and had conversations with them about it.  (Am. Compl. ¶ 33.)

   Plaintiff filed the complaint in the instant case on July 16, 2018, asserting FLSA and

NYLL claims against Defendants.  (Dkt. No. 6.)  Plaintiff amended his complaint on August 17,

2018, to include, *inter alia*, that he is bringing this lawsuit on behalf of all bussers, runners,

servers, general helpers, porters, cooks, cashiers, and dishwashers employed by Defendants (collectively, "Non-Exempt Employees"). (Am. Compl. ¶¶ 3, 15.) Defendants answered the amended complaint on November 5, 2018. (Dkt. No. 20.) The case then proceeded to fact discovery, which is scheduled to close on September 30, 2019. (Dkt. Nos. 26, 38.) Plaintiff moved for conditional certification of a collective action under the FLSA on February 27, 2019. (Dkt. No. 28.). The motion is now fully briefed and ripe for resolution.

## II.   Legal Standard

The FLSA authorizes employees to sue on behalf of "themselves and other employees similarly situated" for violations of certain FLSA's provisions. 29 U.S.C. § 216(b); *see also Colon v. Major Perry St. Corp.*, No. 12 Civ. 3788, 2013 WL 3328223, at *3 (S.D.N.Y. July 2, 2013). To participate in a FLSA collective action, similarly situated employees must opt in by filing their "consent in writing to become . . . a party." 29 U.S.C. § 216(b); *see also Colon*, 2013 WL 3328223, at *3.

The Second Circuit has established a two-step process for certifying a collective action under FLSA. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Colon*, 2013 WL 3328223, at *4 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)). "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted-in are in fact 'similarly situated' to the named plaintiffs." *Id.* at *5 (quoting *Myers*, 624 F.3d at 555). If not, the action may be decertified. *Id.*

The first step of the analysis—called "conditional certification"—"requires only a 'modest factual showing' from plaintiffs that 'they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law.'" *Id.* at *4 (quoting *Myers*, 624 F.3d at

555).  In other words, plaintiffs must identify a "factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice."  *Shillingford v. Astra Home Care, Inc.*, 293 F. Supp. 3d 401, 407 (S.D.N.Y. 2018) (quoting *Alvarez v. Schnipper Rests. LLC*, No. 16 Civ. 5779, 2017 WL 6375793, at *2 (S.D.N.Y. Dec. 12, 2017)) (internal quotation mark omitted).  "Accordingly, a[] FLSA collective action may be conditionally certified upon even a single plaintiff's affidavit."  *Id.* (quoting *Escobar v. Motorino E. Vill. Inc.*, No. 14 Civ. 6760, 2015 WL 4726871, at *2 (S.D.N.Y. Aug. 10, 2015)).

"[A]t the conditional certification stage, 'the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'"  *Hypolite v. Health Care Servs. of N.Y. Inc.*, 256 F. Supp. 3d 485, 489 (S.D.N.Y. 2017) (quoting *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)).  "If the employees are similarly situated . . . , 'any factual variances that may exist between the plaintiff and the putative class [will] not defeat conditional . . . certification.'"  *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 158 (S.D.N.Y. 2014) (second alteration in original) (quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007)).

"[T]he initial 'conditional certification' determination is merely a preliminary finding."  *Lynch*, 491 F. Supp. 2d at 368.  At the second stage, after plaintiffs have opted in and discovery has occurred, "the court undertakes a more stringent factual determination as to whether members of the class are, in fact, similarly situated."  *Id.*

## III.  Discussion

Plaintiff's motion raises three issues:  (1) whether conditional certification of Plaintiff's FLSA claim as a collective action is warranted; (2) whether Plaintiff's proposed notice to the putative class is appropriate; and (3) whether equitable tolling is necessary at this time.  The Court considers each issue below.

A.     **Conditional Certification**

The Court holds that Plaintiff has made the requisite modest factual showing that he and certain other Non-Exempt Employees were the victims of a common policy or plan that violated the law.[1]  Defendants first assert that Plaintiff has not sufficiently shown the nexus between himself and the putative class, as his sworn declaration in support of his motion include only conclusory allegations of FLSA violations.  (Dkt. No. 32 ("Defs.' Br.") at 7–10.)  This argument lacks merit.

In his declaration, Plaintiff (1) provides the names and roles of the individuals he spoke to regarding the alleged violations in this case; (2) explains the method by which a manager would shave time, including requiring employees to clock out before they finished working and adjusting their hours on a computer after the fact; (3) notes that he spoke to the named individuals about the time shaving and lack of overtime pay; and (4) describes the content of a conversation he and other food runners had with a manger about missing hours.  (Dkt. No. 30 ("Garcia Decl.") ¶¶ 2–6.)  This degree of detail is sufficient for the purposes of conditional certification.  *See, e.g., Garcia v. Chipotle Mexican Grill, Inc.*, No. 16 Civ. 601, 2016 WL 6561302, at *7 (S.D.N.Y. Nov. 4, 2016) (holding that an affidavit that identified the individuals the plaintiff spoke to and the content of some of those conversations satisfied the modest factual showing required for conditional certification); *Garcia v. Spectrum of Creations Inc.*, 102 F. Supp. 3d 541, 548–49 (S.D.N.Y. 2015) (holding that the plaintiff's personal observations of the

---

[1] Defendants delve into the merits of Plaintiff's claim, asserting that Plaintiff's claim is unlikely to succeed because (1) Plaintiff did in fact receive wage statements, and (2) the Department of Labor's new guidelines concerning the interpretation of tipped employees affects the applicability of the FLSA to this case.  (Dkt. No. 32 at 5–6.)  The Court declines to consider these factual issues and merits determinations at the conditional certification stage.  *Hypolite*, 256 F. Supp. 3d at 489.

duties of his co-workers and the practices of management provided the modest factual showing necessary for conditional certification).

The cases relied on by Defendants to support their argument are distinguishable.  In *Ali v. New York City Health & Hospitals Corp.*, No. 11 Civ. 6393, 2013 WL 1245543 (S.D.N.Y. Mar. 27, 2013), the court held that conditional certification was not proper because the plaintiff had not provided any information about where the allegedly similarly situated plaintiffs worked and whether the fact that they supposedly worked for over forty hours was due to their employer's "common plan or policy," *id.* at *3.  In *Galindo v. East County Louth, Inc.*, No. 16 Civ. 9149 (S.D.N.Y. June 6, 2017), the court denied conditional certification because the plaintiff's declaration did not identify the names of the employees he spoke to or what the content of their conversations were and made otherwise boilerplate allegations.  *Galindo*, No. 16 Civ. 9149, Dkt. Nos. 32, 55 at 15–17.  Similarly, in *Yang v. Asia Market Corp.*, No. 17 Civ. 6886, 2018 WL 2227607 (S.D.N.Y. Apr. 3, 2018), the plaintiff's declaration included boilerplate assertions with no details regarding the content of her conversations with co-workers about the alleged violations, and it did not identify a common policy, *id.* at *2.  In contrast, here Plaintiff stated where the other potential collective action members worked, provided the names of the employees he spoke to, explained the nature of the conversations he had with them and with management, and described the alleged time shaving policy that affected their compensation. (Garcia Decl. ¶¶ 2–6.)

Next, Defendants contend that Plaintiff has not demonstrated a common policy of wage violations that applied to all employees at Defendants' restaurant Saju Bistro.  (Defs.' Br. at 10.) The Court agrees.  Plaintiff seeks to include all Non-Exempt Employees in the collective action (Dkt. No. 29 at 1).  Yet, in his declaration, Plaintiff states that he spoke only to bussers, runners,

6

cooks, and dishwashers about the alleged FLSA violations—there are no facts alleged regarding servers, general helpers, porters, and cashiers.  (Garcia Decl. ¶¶ 2, 4.)  Though courts in this circuit "routinely find employees similarly situated despite not occupying the same positions . . . provided that they are subject to a common unlawful policy or practice," Plaintiff is still required to make a modest, job-specific factual showing to warrant conditional certification of a broad collective action.  *Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 564 (S.D.N.Y. 2015) (holding that the plaintiffs failed to show how employees other than delivery persons and chefs were subject to a common policy or practice in violation of the FLSA) (citation omitted); *Garcia v. Spectrum of Creations Inc.*, 102 F. Supp. 3d 541, 550 (S.D.N.Y. 2015) (holding that collective action must limited to individuals, like plaintiffs, who performed food preparation or delivery function for defendants); *She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3946, 2014 WL 5314822, at *3–*4 (S.D.N.Y. Oct. 16, 2014) (holding that the collective action must be limited to deliverymen where plaintiffs' submissions did "not contain any allegations regarding, for example, the specific hours worked by, or the amounts paid to, other employees.")

On the other hand, Plaintiff has made a modest factual showing that he had discussions with bussers, runners, cooks, and dishwashers about Defendants' alleged failure to pay overtime or provide wage statements, and Defendants alleged time shaving practices.  (Garcia Decl. ¶¶ 2-6, 11.)  Accordingly, the Court grants conditional certification only as to bussers, runners, cooks, and dishwashers.  "Because the purpose of granting conditional certification is to facilitate the sending of notice to potential class members" production of contact information for these employees and former employees by defendants is appropriate."  *She Jian Guo*, 2014 WL 5314822, at *4.

### B.    Notice

Defendants raise several issues with the proposed notice that Plaintiffs seek to provide to non-exempt employees for the purposes of joining the collective action.  First, Defendants argue that the proposed notice should cover a three- rather than six-year period, as Plaintiff has yet to move for class certification of his NYLL claims—which have a six-year limitations period—and as his FLSA claims have, at most, a three-year limitations period.  (Defs.' Br. at 12.)  The Court, however, holds that "it is in the interest of judicial economy to provide notice covering both the three-year FLSA claims and six-year New York Labor Law claims."  *Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012).

Defendants also take issue with the content of the notice, asserting (1) that it is not neutral, (2) that it is misleading because it does not clearly state that putative class members may not be entitled to monetary compensation, and (3) that requiring the putative class to send consent forms to Plaintiff's counsel improperly discourages class members from seeking outside counsel.  (Defs.' Br. 12–13.)  But Defendants do not specify precisely why the content of the notice is not neutral, why the notice implies that a class member is entitled to compensation, or why requiring putative class members to return the consent form to Plaintiff's counsel discourages the class members from seeking outside counsel.  In fact, the notice clearly states that "Defendants deny that Plaintiff's claims have merit"; "[t]he Court has not decided the merits of any claims"; "[y]ou will . . . be bound by the outcome of this lawsuit's FLSA claims, whether it is favorable or unfavorable to the plaintiffs"; and "[y]ou are not required to have Lee Litigation Group, PLLC represent you."  (Dkt. 29-1 at 2–3.)  *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 486 (S.D.N.Y. 2016) (holding that "as long as the notice makes explicit that opt-in plaintiffs can retain their own counsel if they choose, as the proposed notice here does, then it is acceptable and less cumbersome to have opt-in notices sent directly to plaintiff's counsel").

Next, Defendants assert that notice should only be mailed and does not also need to be posted at Saju Bistro. The practice practice of posting notice, however, has been routinely approved by courts in this circuit. *See Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) (collecting cases). Indeed, "[c]ourts have approved such postings even where the notice will be mailed to prospective plaintiffs, finding defendants' objections of repetitiveness, disruption, and burden unpersuasive and noting that to do so 'maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in.'" *Benavides*, 166 F. Supp. 3d at 487 (quoting *Bittencourt v. Ferrara Bakery & Café Inc.*, 310 F.R.D. 106, 118 (S.D.N.Y. 2015)). The Court sees no persuasive legal reason to limit the ways in which Plaintiff can notify the putative class of the lawsuit.

Finally, Defendants argue that Plaintiff's request for telephone numbers, social security numbers, and e-mail addresses for the prospective plaintiffs is improper. (Defs.' Br. at 13–15.) The Court agrees that it is not necessary for Defendants to provide Plaintiff with the social security numbers of putative class members, although the request for mailing addresses, telephone numbers, and e-mail addresses of the putative class members is reasonable. *Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237, 2016 WL 30334, at *19–20 (S.D.N.Y. Jan. 4, 2016) (noting that "[c]ourts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action," *id.* at *19, but "decline to compel production of social security numbers" until it is shown to be "demonstrably necessary to effectuate notice," *id.* at *20). Accordingly, Plaintiff's request for putative class members' social

security numbers is denied without prejudice and may be renewed upon a showing that this information is necessary to facilitate the opt-in process.

### C.    Equitable Tolling

Plaintiff also requests that the Court toll the FLSA statute of limitations until Plaintiff sends notice to potential opt-in plaintiffs.  (Dkt. No. 29 at 15.)  Defendants argue that Plaintiff has not set forth any exceptional circumstances to warrant tolling and that, at best, the issue is fact-intensive and premature.  (Defs.' Br. at 16–17.)  The Court, however, "declines to adopt a piecemeal approach to equitable tolling, which would waste judicial resources, further delay resolution of this action, and contravene the purposes of FLSA."  *Jackson*, 298 F.R.D. at 161. Accordingly, the statute of limitations will be tolled as of the date of the filing of Plaintiff's motion for collective action certification.  *See McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) ("[T]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine.") (citation omitted).

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion for conditional collective action certification is GRANTED in part and DENIED in part.  The parties are directed to file a joint letter regarding the status of discovery within fourteen days of the date of this order.

The Clerk of Court is directed to close the motion at Docket Number 28.

SO ORDERED.

Dated: September 16, 2019
       New York, New York

_____
       J. PAUL OETKEN
       United States District Judge