# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IZAEL GARCIA<br>*On behalf of himself,*<br>*And FLSA Collective Plaintiffs*,<br><br>                    *Plaintiff,*<br><br>         - against -<br><br>120 MP, LLC<br>PHILLIPE BERNARD and<br>MARK S. ALBERTI,<br><br>               *Defendants.* | No.: 1:18-cv-6408 (JPO) |

## SETTLEMENT AGREEMENT AND RELEASE

     This Settlement Agreement and Release ( "Agreement") is entered into by and between Plaintiffs  Izael Garcia, and opt-in Plaintiffs Alfonso Alatorre, Angel Hernandez Merino, Fidel Dominguez, Gabriel O. Martinez, Leopoldo Sanchez, Luis Bermejo, Miguel Candia Espinobarros, Miguel Urbano, Antonio Lopez, Tomas Guarchas Tzep, Augustin Perez Martinez, Luis Encalada, Roque Santiago Hernandez, and Ruben Ministro ("Plaintiffs"), on one side, and 120 MP, LLC d/b/a Saju Bistro ("Saju Bistro"), Philippe Bernard, and Mark S. Alberti on the other (collectively, "Defendants").  Plaintiffs and Defendants are collectively referred to in this Agreement as the "Parties."

     **WHEREAS**, on July 16, 2018, Plaintiff Izael Garcia commenced an action against Defendants by filing a complaint (the "Complaint") in the United States District Court, Southern District of New York (the "Court"), Docket No. 1:18–cv–06408 (the "Action"), asserting the following claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and their implementing regulations: unpaid minimum and overtime wage claims under the FLSA and NYLL; spread-of-hours pay under the NYLL; unlawful wage deductions under the NYLL; notice and recordkeeping violations under the NYLL; liquidated damages; penalties; attorneys' fees; pre and post-judgment interest; and violations of the NYLL's Wage Theft Prevention Act (collectively, the "Claims");

     **WHEREAS**, Defendants deny all material allegations asserted by Plaintiffs in their Complaint, deny that Plaintiffs are entitled to recover damages for any Claim asserted in the Complaint, and have denied and continue to deny that they have violated any law, rule, or regulation, or committed any wrong whatsoever against Plaintiffs, and state that at all times they paid Plaintiffs all wages due;

     **WHEREAS,** on September 16, 2019, the Action was conditionally certified as a Collective Action under the FLSA;

**WHEREAS,** Alfonso Alatorre, Angel Hernandez Merino, Fidel Dominguez, Gabriel O. Martinez, Leopoldo Sanchez, Luis Bermejo, Miguel Candia Espinobarros, Miguel Urbano, Antonio Lopez, Tomas Guarchas Tzep, Augustin Perez Martinez, Luis Encalada, Roque Santiago Hernandez, and Ruben Ministro each individually opted in to the Action by signing a Consent to Sue form authorizing Lee Litigation Group PLLC ("Plaintiffs' Counsel") to serve as Plaintiffs' Counsel and "to make decisions on [their] behalf concerning the litigation and any settlement."

**WHEREAS,** the Parties have exchanged extensive information related to the Claims in this Action, such as payroll, tax, tip, and time records, such that they have adequate information to assess the appropriateness of this Agreement;

**WHEREAS,** the Parties, with counsel, engaged in extensive arm's-length settlement negotiations regarding the settlement of the Action, including, without limitation, participating in an in-person settlement conference at the offices of Plaintiffs' Counsel on February 3, 2020;

**WHEREAS,** the purpose of this Agreement is to dismiss, with prejudice, the Action and to settle fully and finally, and forever compromise and discharge all Released Claims (as defined below) that Plaintiffs have or may have against Defendants;

**WHEREAS,** the Parties expressly acknowledge that nothing in this Agreement, nor the fact of the Agreement itself, shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing of any kind by Defendants;

**WHEREAS,** to the extent there may be monies owed to Plaintiffs under the FLSA and/or NYLL, the Parties acknowledge that there is a genuine good faith dispute over, among other things, the number of hours worked by Plaintiffs;

**WHEREAS,** the Parties have analyzed and evaluated the merits of the claims made against Defendants and the defenses raised by Defendants in the Action, and based upon that analysis and evaluation, and recognizing the substantial risks and expense of continued litigation, the Parties are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of all Parties;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state, and/or local law:

## 1.    SETTLEMENT PAYMENT, DISTRIBUTION, AND PAYOUT

**a.**    <u>Settlement Amount</u>. In full and final settlement of the Action, and in consideration for the release contained in Paragraph "2" of this Agreement, Saju Bistro agrees to pay Plaintiffs and their counsel a total gross sum of Eighty Thousand Dollars and Zero cents ($80,000.00) (the "Negotiated Settlement Payment") for purposes of settling this Action. Payment of the Negotiated Settlement Payment is contingent upon the Court approving this Agreement.

**b.**  Calculation of Settlement Amount. Each Plaintiff's Individual Settlement Allocation ("Allocation," collectively "Allocations") is based on the percentage of his or her individual damages in comparison to the total damage calculation according to wage and hour records and information provided by Plaintiffs and Defendants. Defendants take no position with respect to the Allocation, including, without limitation, whether the Allocation is accurate.

**c.**  Attorneys' Fees and Costs. Plaintiffs acknowledge that the attorneys' fees and costs allocated in this Agreement are fair and reasonable in accordance with the Retainer Agreements and Consents to Sue executed by the Plaintiffs in this case. Defendants take no position with respect to the Attorneys' Fees and Costs, including, without limitation, whether the Attorneys' Fees and Costs are accurate.

**d.**  Allocation to Plaintiffs. The Negotiated Settlement Payment to Plaintiffs shall be Allocated as set forth in Exhibit "B".

Plaintiffs will each receive two checks of equal gross amounts as detailed in Exhibit "B". One of the two checks shall account for back wages and will be subject to withholdings, for which a Form W-2 will be issued. The other check paid to each Plaintiff shall be for liquidated damages for which no withholdings will be made, and a Form 1099 will be issued.

**e.**  Payments to Plaintiffs' Counsel.  Defendants shall pay Plaintiffs' counsel the balance of the negotiated Settlement Amount by check payable to "Lee Litigation Group, PLLC," which shall represent attorneys' fees and costs, for which no withholdings will be made, and a Form 1099 will be issued.

**f.**  Taxes.  For purposes of tax withholding, as set forth in Section 1(b) above, 50% of the payments to Plaintiffs shall be deemed wage income subject to IRS Tax Form W-4 and 50% of the payment to Plaintiffs shall be deemed non-wage income in the form of alleged liquidated damages and interests subject to IRS Tax Form W-9. Defendants shall deduct all appropriate and necessary taxes from the aforementioned wage payments and shall pay, separately from the Negotiated Settlement Payment, the applicable employer's portion of the taxes due.  Plaintiffs shall be responsible for their own share of all taxes, interest, or penalties, if any, due as a result of the portion of the Negotiated Settlement Payment they each receive as payment under this Agreement. Defendants shall provide Plaintiffs with all appropriate tax withholding statements, as required by law. Notwithstanding the foregoing, Plaintiffs are not relying on any information provided by Defendants, their employees, or their attorneys concerning the tax consequences of payments made under this Agreement.

**g.**  Delivery of Checks.  All checks specified above shall be delivered to: Lee Litigation Group, PLLC, 148 West 24th Street, 8th Floor, New York, NY 10011.

**h.**  No Other Payments Due. Except as specifically provided in this Agreement, Plaintiffs agree that they are not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice  pay, vacations or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from Defendants for any work they performed for Defendants during the relevant time period as defined in the Complaint and the

3

Court's Order conditionally certifying a Collective Action to the date the Parties execute this Agreement.

## 2.     Release of Wage and Hour Claims by Plaintiffs

In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for Defendants' obligations under this Agreement, Plaintiffs hereby waive, release, satisfy, and discharge, on their own behalf and on behalf of anyone who could claim by and through them, Defendants, including their officers, directors, shareholders, members, agents, attorneys, insurers, representatives, successors, and assigns, of and from any and all claims for damages, salaries, wages, compensation, statutory damages, unlawful deductions, overtime compensation, minimum wages, unpaid wages, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, statutory, and other damages, interest, attorneys' fees, and costs, for the Claims and any other claim brought, or that could have been brought, relating to or arising from their work performed for Defendants or the facts that gave rise to the Action, under the FLSA, the NYLL, the WTPA, and/or any local, state, or federal wage statute, code, or ordinance including, but not limited to, the New York State Hospitality Wage Order, 12 N.Y.C.R.R. Part 146. Nothing contained in this release shall operate to prevent Plaintiffs from providing truthful information to a governmental agency. However, Plaintiffs shall neither seek nor be entitled to recovery of any additional damages, monetary or otherwise, as a result of any charges or proceedings against any Defendant for any claims that are the subject matters of the waivers and releases set forth herein. Furthermore, this Agreement shall be deemed a full accord, satisfaction, and settlement of the claims settled, released, and waived herein, and shall constitute a sufficient basis for immediate dismissal of such claims by Plaintiffs against Defendants except to the extent that Plaintiffs seek enforcement of the terms of this Agreement.

## 3.     Approval, Retention of Jurisdiction, and Dismissal

**a.**     Approval of Settlement Agreement. The Parties, through counsel, shall present a fully-executed copy of this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), which is annexed as Exhibit A, to the Court for review and approval. Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

**b.**     Retention of Jurisdiction. The Parties jointly request that the Court retain jurisdiction over the Action to enforce the terms of this Agreement.

## 4.     Non-Admission of Liability

The Parties recognize and agree that Defendants, as a part of this Agreement, do not admit any violation of law or any liability to Plaintiffs or to anyone else as a result of or arising out of the matters set forth in the Complaint in the Action or that could have been raised in the Action, Plaintiffs' employment relationship with Defendants, Plaintiffs' separation of employment with Defendants, and/or otherwise.

## 5.     Attorneys' Fees and Costs

The Parties agree that, except as otherwise specifically set forth in this Agreement, each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Action.

**6.      Applicable Law; Forum Selection**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to its conflicts or choice of laws principles. The Parties consent to the jurisdiction of the Court (*i.e.*, the United States District Court, Southern District of New York) for any litigation concerning or arising out of the terms of this Agreement or the Parties' performance of its terms. The Parties agree to request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement. If the Court lacks or declines to exercise jurisdiction over any such litigation, the Parties consent to the jurisdiction of the courts of the State of New York in New York County.

**7.      Execution in Counterparts; Facsimile Signatures; Force and Effect**

This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument.  A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

**8.      Plaintiffs' Representations**

Plaintiffs represent and warrant that they have entered into this Agreement on their own free will and accord, not subject to coercion or undue influence. Plaintiffs further warrant that they are satisfied with the legal representation and services received from their attorneys, Lee Litigation Group PLLC, and believe that the Negotiated Settlement Payment and the Allocations, as set forth above, represent a fair and reasonable compromise of the disputes in the Action.

Other than the Action, which Plaintiffs have agreed to dismiss subject to receipt of the Negotiated Settlement Payment, Plaintiffs represent that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against any of the Defendants, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledge that this representation constitutes a material inducement for the Parties to enter into this Agreement.

**9.      Entire Agreement**

Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties.  There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter set forth in this Agreement.

**10.     Non-Waiver/No Modification**

This Agreement cannot be modified or changed except by a writing signed by the Parties with specific reference to this Agreement. No delay or omission by any Party in exercising any right(s) under this Agreement shall operate as a waiver of that or any other right.  A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party who is claimed to have waived a provision.

**11.     Interpretation**

**a.**     <u>Severability</u>. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the fullest extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

**b.**     <u>Captions and Headings</u>. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**12.     Notices**

Any provision of this Agreement that calls for notice to be sent to Plaintiffs or Defendants shall be sent via email, facsimile, messenger, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing:

| If to Plaintiffs: | If to Defendants: |
|---|---|
| C.K. Lee, Esq.<br>Lee Litigation Group, PLLC<br>148 West 24th Street<br>8th Floor<br>New York, New York 10011<br>cklee@leelitigation.com | Phillippe Bernard<br>120 MP LLC d/b/a Saju Bistro<br>120 West 44th Street<br>New York, New York 10036<br><br>With a copy to:<br><br>Hillary Raimondi, Esq.<br>Ali Jaffery, Esq.<br>Traub Lieberman Straus & Shrewsberry LLP<br>7 Skyline Drive<br>Hawthorne, NY 10532<br>Fax: (212) 434–0105<br>hraimondi@tlsslaw.com<br>ajaffery@tlsslaw.com |

All notices, requests, consents, and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission and/or email, at the time it was sent, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

### 13.   Signatures in Counterparts

This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as the original signatures.

### 14.   Plaintiffs understand, represent, and agree that they:

a.   have carefully reviewed all terms of this Agreement with their attorneys in this Action, in their native language;

b.   are, through this Agreement, releasing Defendants from any and all wage-and-hour claims, including the Claims, that Plaintiffs may have against them relating to their employment with Defendants or their separation from employment with them;

c.   knowingly and voluntarily agree to all of the terms set forth in this Agreement;

d.   knowingly and voluntarily intend to be legally bound by this Agreement;

e.   were advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

f.   are duly authorized and have full authority to execute this Agreement.


**Plaintiffs:**

C.K. Lee, Esq.
Attorney in Fact

Dated:   April 8, 2020


**Defendants:**

120 MP, LLC

By: _Philippe Bernard_

Title: _managing member_

Dated: _4/8/2020_

7

Philippe Bernard

Dated: 4/8/2020

Mark S. Alberti

Dated: April 7, 2020

8

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IZAEL GARCIA<br>*On behalf of himself,*<br>*And FLSA Collective Plaintiffs*,<br><br>                       *Plaintiff,*<br><br>            - against -<br><br>120 MP, LLC<br>PHILLIPE BERNARD and<br>MARK S. ALBERTI,<br><br>                   *Defendants.* | No.: 1:18-cv-6408 (JPO) |

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on July 16, 2018, Plaintiffs filed a Complaint, which asserts claims for, *inter alia*, failure to pay minimum and overtime wages, and seeks compensatory, liquidated and statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the New York Labor Law;

**WHEREAS,** the parties reached a settlement of this action and Plaintiffs' claims through arms-length negotiations and have entered into a Settlement Agreement and Release (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the New York Labor Law,  and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, without fees or costs to either party.  A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated:   New York, New York  
      April 8     , 2020

Dated:     Hawthorne, New York  
      *April 8*    , 2020

**LEE LITIGATION GROUP PLLC**  
*Attorneys for Plaintiffs*

**TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP**  
*Attorneys for Defendants*

By:_____  
   C.K. Lee, Esq.  
   148 West 24th Street  
   8th Floor  
   New York, NY 10011  
   Tel.: (212) 661-1008

By:_____  
   Hillary Raimondi, Esq.  
   Ali Jaffery, Esq.  
   7 Skyline Drive  
   Hawthorne, NY 10532  
   Tel.: (914) 386–7061

SO ORDERED.


_____  
J. Paul Oetken, United States District Judge

2

# EXHIBIT B

| Plaintiff | Total Due | W-2 Payment | 1099 Payment |
|---|---|---|---|
| Izael Garcia | $15,000 | $7,500 | $7,500 |
| Alfonso Alatorre | $1,000 | $500 | $500 |
| Angel Hernandez Merino | $1,000 | $500 | $500 |
| Fidel Dominguez | $1,000 | $500 | $500 |
| Gabriel O. Martinez | $1,000 | $500 | $500 |
| Leopoldo Sanchez | $1,000 | $500 | $500 |
| Luis Bermejo | $1,000 | $500 | $500 |
| Miguel Candia Espinobarros | $1,000 | $500 | $500 |
| Miguel Urbano | $1,000 | $500 | $500 |
| Antonio Lopez | $1,000 | $500 | $500 |
| Tomas Guarchas Tzep | $1,000 | $500 | $500 |
| Agustin Perez Martinez | $1,000 | $500 | $500 |
| Luis Encalada | $1,000 | $500 | $500 |
| Roque Santiago Hernandez | $1,000 | $500 | $500 |
| Ruben Ministro | $1,000 | $500 | $500 |