UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
IZAEL GARCIA et al.,

                Plaintiffs,

        -v-

120 MP, LLC et al.,

                Defendants.
―――――――――――――――――――――――――――――

18-CV-6408 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    The Court has been notified that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case, and they have submitted a proposed settlement for the Court's approval. (Dkt. No. 69.) The proposed settlement involves $80,000 to be paid by Defendants to Plaintiffs in connection with their FLSA claims. (Dkt. No. 69 at 2.) Of that sum, $49,523 would be allocated to attorney's fees and $1,477 would be allocated to costs. (Dkt. No. 69 at 5.)[1]

    The Court has reviewed the terms of the proposed settlement and finds that a total settlement amount of $80,000 is fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203, 206 (2d Cir. 2015). The proposed allocation of $49,523 to attorney's fees, however, is unreasonable. Accordingly, approval of the proposed settlement agreement is denied.

    When "all parties are satisfied with the settlement [in an FLSA case], 'the Court's primary function is to make sure that . . . the plaintiff's recovery has not been unreasonably

―――――――――――――――――――――――――――――

[1] A proposed fee award of sixty-two percent of the settlement amount is a marked departure from fee allocations generally approved by courts in the Second Circuit. *See Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount."). But the Second Circuit has recently rejected such a proportionality approach to settlement agreements under the FLSA. *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 603–05 (2d Cir. 2020).

diverted to pay his attorney a greater fee than that to which he is entitled.'" *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. 2015) (quoting *Encalada v. Baybridge Enters. Ltd.*, No. 14-CV-3113, 2014 WL 4374495, at *1 (E.D.N.Y. Sept. 2, 2014)). A presumptively reasonable fee award is determined via the "lodestar" method, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). To aid this determination, when requesting attorney's fees in an FLSA case, "counsel must submit evidence providing a factual basis for the award," which "entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

Under this framework, the Court determines that counsel's application for attorney's fees is deficient in certain respects. First, some of the time sheet entries are too vague to permit a finding that the total hours spent on the case was reasonable. Various entries state, for example, that counsel had a "call" or an "internal discussion" about the case without indicating the subject matter of the call or discussion. (*See* Dkt. No. 69-2.) Other entries indicate that counsel "prepared for settlement meeting" or analyzed liability for clients" without providing further detail. (*Id.*) These short descriptions for time entries are not sufficiently specific to be compensated.[2]

---

[2] Insufficiently precise time sheet entries are a recurring problem for Lee Litigation Group PLLC. *See, e.g.*, *Fisher v. SD Protection Inc.*, No. 17-CV-2229, 2020 WL 1685918, at *9 (S.D.N.Y. Apr. 7, 2020) (holding that "imprecise, vague and uninformative" time sheet entries

Second, the Court determines that the hours expended on this case — a relatively straightforward FLSA case — were excessive due to overstaffing. There were twelve timekeepers in this case, six of whom were attorneys. (Dkt. No. 69-2.) This was unwarranted given the straightforward nature of the case. *See Kim v. 511 E. 5th St., LLC*, No. 12-CV-8096, 2016 WL 6833928, at *5 (S.D.N.Y. Nov. 7, 2016) (faulting Lee Litigation Group for having "thirteen timekeepers in this case, six of whom were attorneys"). This, too, justifies a reduction in the fee award.

Third, the Court determines that a further reduction in the fee award is appropriate because "the bulk of the work in this straightforward case" was performed by "[t]he most experienced attorneys with the highest rates." *Id.* at *6. Here, C.K. Lee spent considerably more hours on this case than any other attorney and — in particular — "performed many tasks that could have been delegated to more junior attorneys." *Id.* Although counsel "is at liberty to decide how to use his time and manage his cases, it is not appropriate [for purposes of calculating the lodestar amount] to assign partner-level billing rates to tasks that a first- or second-year associate could easily perform." *Zhang*, 2015 WL 5122530, at *2.

"In lieu of making minute adjustments to individual timekeeping entries, a court may make across-the-board percentage cuts in the number of hours claimed, as a practical means of trimming the fat from a fee application." *Kim*, 2016 WL 6833928, at *5 (quoting *Angamarca v.*

---

"weigh[ed] overwhelmingly in favor of reducing substantially Lee Litigation Group's attorneys' fees"); *Kim v. 511 E. 5th St., LLC*, No. 12-CV-8096, 2016 WL 6833928, at *6 (S.D.N.Y. Nov. 7, 2016) (faulting Lee Litigation Group for providing "short descriptions for time entries [that] [we]re not sufficiently specific to be compensated" (quoting *In re Doria/Memon Discount Stores Wage & Hour Litig.*, No. 14-CV-7990, 2016 WL 3963170, at *4 (S.D.N.Y. July 22, 2016)); *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12-CV-6094, 2014 WL 4670870, at *10 (S.D.N.Y. Sept. 19, 2014) ("[M]any of Mr. Lee's time entries are thinly worded and non-specific. . . . The Court's judgment is that, to account for these deficiencies, it is fair to discount the aggregate hours Mr. Lee worked by 25%.").

*Pita Grill 7 Inc.*, No. 11-CV-7777, 2012 WL 3578781, at *12 (S.D.N.Y. Aug. 2, 2012)). To account for the above deficiencies, the Court determines that a reduction of twenty-five percent in the requested attorney hours would be appropriate.

As for a reasonable hourly rate, the Court determines that counsel's hourly rates exceed those ordinarily charged in this district for similar matters. In this case, C.K. Lee and Anne Seelig, both listed as senior counsel, billed at an hourly rate of $800. (Dkt. No. 69-2 at 2.) Four associates billed at hourly rates between $350 and $500. (*Id.*) And six paralegals billed at an hourly rate of $275. (*Id.*) These rates are unreasonably high.[3] *See, e.g.*, *Lora v. Grill on 2nd LLC*, No. 18-CV-4949, 2018 WL 5113953, at *1 (S.D.N.Y. Oct. 19, 2018) (approving hourly rates of $350 for a managing partner and $250 for an associate in an FLSA case); *Montalvo v. Arkar Inc.*, No. , 2018 WL 218415, at *2 (S.D.N.Y. May 10, 2018) (approving hourly rate of $100 for a paralegal); *see also Jimenez v. KLB Foods, Inc.*, No. 12-CV-6796, 2015 WL 3947273, at *2 (S.D.N.Y. June 29, 2015) ("Based on Lee's and Seelig's experience, and upon consideration of the skill they displayed in conducting this litigation, the Court finds that a rate of $350/hour is reasonable for Lee and a rate of $250/hour is reasonable for Seelig."); *id.* (concluding that "a paralegal rate of $100/hour is reasonable"). At the same time, the Court recognizes that Lee and Selig are experienced in the field of wage-and-hour litigation. Accordingly, the Court determines that a reasonable hourly rate for Lee is $450, for Seelig is $350, for the associates is $300, and for the paralegals is $200.

The reduced hourly rates multiplied by the reduced number of hours results in a lodestar amount of $25,338.75. There is no basis to adjust the lodestar in this case. *See Millea*, 658 F.3d

---

[3] The Court takes judicial notice of the fact that "the hourly rates charged by Plaintiff's counsel (C.K. Lee and Anne Seelig) have very often been found to be excessive and have been regularly reduced by a 'chorus' of other courts in this district." *Fisher*, 2020 WL 1685918, at *7.

at 167.  Accordingly, approval for the settlement agreement is denied because its proposed award of $49,523 in attorney's fees is unreasonable.

In the event that a district court determines that a fee allocation is unreasonable, "it shall reject the settlement, although it may advise the parties what it would find reasonable and give them an opportunity to reach a new agreement." *Fisher*, 948 F.3d at 607.  To that end, the Court advises the parties that it would approve a settlement agreement with an attorney's fee award not exceeding $25,338.75.

The proposed settlement at Docket Number 69 is DENIED.  The parties are directed to file a letter on or before May 22, 2020, indicating how they intend to proceed in this case.  The letter should address whether the parties intend to attempt to reach a new agreement or whether they wish to proceed to trial.

SO ORDERED.

Dated: May 8, 2020
       New York, New York

_____
                    J. PAUL OETKEN
                    United States District Judge